IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | C.A. Nos. 6:19-cv-00254, -00255, -00256-ADA |

**DECLARATION OF GREGORY H. LANTIER IN SUPPORT OF
INTEL CORPORATION'S MOTION TO TRANSFER VENUE**

I, Gregory H. Lantier, hereby declare as follows:

1.      I am an attorney admitted to practice in the State of New York, the District of
Columbia, and the Commonwealth of Virginia, and have filed an application for admission *pro
hac vice* in these actions ("Texas Actions").

2.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP
("WilmerHale").  WilmerHale is counsel for Defendant Intel Corporation ("Intel") in the Texas
Actions, as well as in several actions that Plaintiff VLSI Technology LLC ("VLSI") previously
filed against Intel.

3.      I provide this declaration in support of Intel's motion to transfer venue.  Unless
otherwise indicated below, the statements in this declaration are based on my personal
knowledge and my review of the documents cited herein.  If called to testify as a witness, I could
and would competently do so under oath.

**Chronology of VLSI's Litigation Against Intel**

4.      On October 2, 2017, VLSI sued Intel in the Northern District of California, asserting eight patents against Intel's microprocessors. *VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-05671 (N.D. Cal.) ("California Action").  On March 1, 2019, VLSI agreed to stay the California Action in its entirety after the Patent Office instituted *inter partes* review on six of the eight asserted patents.  *See* California Action, D.I. 253 (stipulation), 261 (order granting stipulation).

5.      On June 28, 2018, VLSI sued Intel in the District of Delaware, asserting five patents against Intel's microprocessors, namely, U.S. Patent Nos. 6,212,633 ("'633 patent"), 7,246,027 ("'027 patent"), 7,247,552 ("'522 patent"), 7,523,331 ("'331 patent"), and 8,081,026 ("'026 patent").  *VLSI Tech. LLC v. Intel Corp.*, No. 1:18-cv-00966 (D. Del.) ("Delaware I Action").  The Delaware I Action was assigned to Judge Connolly.

6.      On August 6, 2018, Intel filed a motion to transfer the Delaware I Action to the Northern District of California for potential consolidation with the then-pending California Action.  Delaware I Action, D.I. 8.  VLSI opposed, insisting that patent litigation between the parties belonged in Delaware and arguing that the parties' and witnesses' strong Delaware contacts weighed against transfer.  *Id.*, D.I. 24, 26.  After considering the parties' arguments and declaration testimony, Judge Connolly denied Intel's motion.  *VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650 (D. Del. Oct. 29, 2018).

7.      On March 1, 2019—the same day VLSI agreed to stay the California Action—VLSI filed another action in Delaware, asserting six new patents against Intel's microprocessors.  *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-00426 (D. Del.) ("Delaware II Action").  All but two of the inventors of the six asserted patents live in Austin:  '025 patent (all three inventors Robert

Ehrlich, Craig Shaw, Brett Murdock); '485 patent (all three inventors Olga Lu, Craig Gunderson, Lawrence Childs); '522 patent (both inventors Marcus May and Daniel Mulligan); '187 patent (both inventors Marcus May and Michael May). The sole inventor of the '983 patent (Kevin Locker) lives in Arizona and the sole inventor of the '759 patent (Matthew Henson) is deceased. The Delaware II Action was also assigned to Judge Connolly.

8.      On March 20, 2019, Intel moved to consolidate the Delaware I and Delaware II Actions given the substantial overlap in witnesses, evidence, technology, and accused products. *See* Delaware I Action, D.I. 100; Delaware II Action, D.I. 8. During an April 3, 2019 case narrowing conference in the Delaware I Action, Judge Connolly inquired about the status of that motion. Relevant excerpts from the transcript for that hearing are attached as Exhibit 4.

9.      Following the case narrowing conference, Judge Connolly ordered VLSI to reduce its asserted claims by 70% within four days. Delaware I Action, D.I. 136.

10.     On March 26, 2019, Judge Connolly granted Intel's motion to dismiss certain of VLSI's willful and indirect infringement claims in the Delaware I Action. *See id.*, D.I. 111. The next day, Intel's counsel informed VLSI's counsel that Intel would move to dismiss VLSI's similar claims in the Delaware II Action. A true and correct copy of that email is attached as Exhibit 5.

11.     On April 11, 2019, one day after receiving Intel's reply in support of its motion to consolidate, VLSI unilaterally dismissed the Delaware II Action. *See* Delaware II Action, D.I. 15.

12.     That same day, VLSI filed the Texas Actions, collectively asserting eight patents, namely, U.S. Patent Nos. 6,366,522 ("'522 patent"), 6,633,187 ("'187 patent"), 7,292,485 ("'485 patent"), 7,725,759 ("'759 patent"), 7,606,983 ("'983 patent"), 7,793,025 ("'025 patent"),

7,523,373 ("'373 patent"), and 8,156,357 ("'357 patent").  *See* No. 6:19-cv-00254, D.I. 1, Exs. 2-4; No. 6:19-cv-00255, D.I. 1, Exs. 2-3; No. 6:19-cv-00256, D.I. 1, Ex. 2-4.  VLSI had asserted six of these patents—all but the '373 and '357 patents—against Intel in the Delaware II Action.

13.     In the Delaware I Action, VLSI's opening claim construction brief is due May 31, 2019, the *Markman* hearing is scheduled for November 5, 2019, the close of fact discovery is November 21, 2019, and trial is scheduled to begin on November 2, 2020.  *See* Delaware I Action, D.I. 40.

**Overlap of Patents**

14.     According to assignment records, VLSI acquired all the asserted patents in the Delaware I Action and the Texas Actions from a patent portfolio belonging to third-party NXP Semiconductors (and/or its affiliates and subsidiaries).  Attached as Exhibit 11 are true and correct copies of the assignment records for the patents at issue in the Delaware I Action and the Texas Actions obtained from the Patent Office's website.

15.     The asserted patents all generally relate to semiconductor technologies.  The '027 patent in the Delaware I Action and the '522 and '187 patents in the 255 Texas Action are all directed to alleged power savings and performance improvements in integrated circuits.

16.     The '027 patent in the Delaware I Action and the '522 and '187 patents in the 255 Texas Action all name Marcus May as an inventor.

**Overlap of Accused Products**

17.     In the Texas Actions, VLSI has identified accused Intel products by functionality or components, and for each patent has also identified a single product model or generation of products. Specifically, VLSI has identified the following:

- '522 patent: VLSI accuses "Intel products that use 'Speed Shift' technology with a fully integrated voltage regulator ('FIVR') in an infringing manner," and alleges that Intel's Cannon Lake processors satisfy the claim limitations. *See* 255 Action, D.I. 1, ¶¶ 15-32.

- '187 patent: VLSI accuses "Intel products containing an infringing fully integrated voltage regulator," and alleges that Intel's Broadwell processors satisfy the claim limitations. *See* 255 Action, D.I. 1, ¶¶ 47-66.

- '485 patent: VLSI accuses "Intel products that use infringing write-assist technology in static random access memory ('SRAM') arrays," and alleges that Intel's Broadwell processors satisfy the claim limitations. *See* 256 Action, D.I. 1, ¶¶ 13-39.

- '759 patent: VLSI accuses "Intel products that use infringing Hardware-Controlled Performance States ('HWP' or 'Speed Shift') technology," and alleges that Intel's Skylake processors satisfy the claim limitations. *See* 254 Action, D.I. 1, ¶¶ 75-89.

- '983 patent: VLSI accuses "Intel products that implement the Intel Quick Path Interconnect ('QPI') Link Layer in an infringing manner," and alleges that Intel's Broadwell Server processors satisfy the claim limitations. *See* 256 Action, D.I. 1, ¶¶ 54-69.

- '025 patent: VLSI accuses "Intel products that use infringing interrupt routing technology," and alleges that Intel's Ivy Bridge processors satisfy the claim limitations. *See* 256 Action, D.I. 1, ¶¶ 85-108.

- '373 patent: VLSI accuses "Intel products that use fuses or other non-volatile memory to store information about SRAM minimum voltages in an infringing manner," and alleges that Intel's Ivy Bridge processors satisfy the claim limitations. *See* 254 Action, D.I. 1, ¶¶ 43-59.

- '357 patent: VLSI accuses "Intel products that use dynamic cache shrink technology in an infringing manner," and alleges that Intel's Ivy Bridge processors satisfy the claim limitations. *See* 254 Action, D.I. 1, ¶¶ 14-27.

18.     In the Delaware I Action, VLSI has also accused the Intel processors accused in the Texas Actions.  Specifically, VLSI accuses Intel Cannon Lake processors of infringing the '331, '026, and '027 patents, Intel Broadwell processors of infringing the '027 patent, Intel Skylake processors of infringing the '633, '331, '026, and '027 patents, and Intel Ivy Bridge processors of infringing the '027 patent.  Attached as Exhibit 13 is a true and correct copy of VLSI's list of accused products, disclosed in the Delaware I Action on November 12, 2018, pursuant to Paragraph 4(a) of the Delaware Default Standard for Discovery.

**Overlap of Witnesses and Documents**

19.     On December 20, 2018, Intel served its Supplemental Initial Disclosures in the Delaware I Action.  A true and correct copy of those disclosures is attached as Exhibit 12.  Thus far, Intel has identified four employees from its Initial Disclosures in the Delaware I Action who have knowledge relevant to these actions and who Intel will include in its Initial Disclosures in the Texas Actions.  These employees are:

- Controller Thomas Herrgott, located in California.

- Associate Director of Patent Licensing Keith Gray, located in California.

- Engineer Efraim Rotem, located in Israel.

- Engineer Sanjeev Jahagirdar, located in California.

- Engineer Steve Gunther, located in Oregon.

20.     In both the Texas Actions and the Delaware I Action, Intel expects the following party and third-party witnesses associated with VLSI to testify:

- VLSI's sole employee and CEO, Michael Stolarski.

- Employees of Fortress Investment Group LLC, the New York hedge fund that created VLSI and that was involved in acquiring the asserted patents.  These witnesses include:  Aaron Slan, Ami Patel Shah, Eran Zur, Steve Brogden, and Joseph Kessler.

6

Based on their LinkedIn profiles, the witnesses appear to reside in New York, Washington, D.C., and California.  True and correct copies of their LinkedIn profiles as printed on May 13, 2019, are attached as Exhibits 6-10.

21.     In the Delaware I Action, Intel has subpoenaed several entities, including:

- Cadence Design Systems, Inc. (California)

- Crane Payment Innovations Inc. (Pennsylvania)

- Fortress Investment Group LLC (New York)

- GKC Partners II, LLP and Gerchen Keller Capital, LLC (Illinois)

- IBM (New York)

- iSine, Inc. (New York)

- Microchip Technology Inc. (Arizona)

- NXP USA, Inc. (Texas)

- Qualcomm Incorporated (California)

- Texas Instruments Inc. (Texas)

- UMC Group (USA) (California)

- Xilinx, Inc. (California)

22.     In the Delaware I Action VLSI has subpoenaed several entities, including:

- Dell Technologies Inc. (Texas)

- Hewlett Packard Enterprise Co. (California)

- HP Inc. (California)

- Lenovo (United States) Inc. (North Carolina)

- Microsoft Corporation (Washington)

- Samsung Electronics America, Inc. (New Jersey)

7

23.     Intel also expects to produce substantially the same documents in both the Texas

Actions and the Delaware I Action.  In each sets of cases, VLSI asserts patents directed to

alleged power savings and performance improvements in integrated circuits.  In response to

VLSI's infringement allegations and discovery requests, Intel expects to produce a substantial

volume of the same highly sensitive source code, schematics, and RTL code.  To address VLSI's

damages allegations, Intel expects to produce (at least) the same financial information in both

actions, including sales and cost data for the accused products, marketing documents, pricing

documents, performance testing documents, market research, and patent agreements.  Many of

the same technical documents that show the relative size of the functionalities in the end

products—which will be critical to the apportionment analysis—likely will also need to be

produced in both actions.

**Other Documents Cited**

24.     Attached as Exhibit 1 is a true and correct copy of VLSI's Certificate of

Formation obtained from the Delaware Secretary of State's website on January 2, 2019.

25.     Attached as Exhibit 2 is a true and correct copy of CF VLSI Holdings LLC's

Certificate of Formation obtained from the Delaware Secretary of State's website on May 16,

2019.

26.     Attached as Exhibit 3 are excerpts from VLSI's Third Supplemental Objections

and Responses to Intel's First Set of Interrogatories, which VLSI served in the Delaware I Action

on April 26, 2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 20, 2019

Gregory H. Lantier