# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | Civil Action No. 18-0966-CFC |

**VLSI TECHNOLOGY LLC'S
THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
INTEL CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-14)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff VLSI Technology LLC ("VLSI") hereby supplements its responses to Defendant Intel Corporation ("Intel")'s First Set of Interrogatories (Nos. 1-14).

## INTRODUCTION

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

This response is given without prejudice to VLSI's right to produce evidence of any subsequently discovered fact or facts that it may later recall or discover. VLSI further reserves

- 1 -

the right to change, amend, or supplement any or all of the matters contained in this response as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

Objections to each interrogatory are made on an individual basis below. From time to time, for special emphasis, VLSI will repeat in the specific objections certain objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without in any way waiving, the General Objections listed below, even if not expressly set forth in a specific response. The assertion of any objection to any interrogatory below is neither intended as, nor shall in any way be deemed, a waiver of VLSI's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses below. The fact that VLSI has answered or objected to any interrogatory should not be taken as an admission that VLSI accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that VLSI has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by VLSI of any part of any objection to the interrogatory.

## GENERAL OBJECTIONS

1. VLSI objects to the interrogatories, and their definitions and instructions, to the extent that they purport to impose on VLSI obligations that differ from, or exceed, those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

2. VLSI objects to the interrogatories on the grounds and to the extent that they seek information protected by the work-product immunity, attorney-client privilege, common interest privilege, settlement privilege, or any other applicable privilege, immunity, or restriction on discovery. To the extent that Intel seeks information privileged or protected under law, VLSI

966DE00054327-VLSI-18-966DE00054328; VLSI-18-966DE00054329-VLSI-18-966DE00054349; VLSI-18-966DE00054350-VLSI-18-966DE00054351; VLSI-18-966DE00054352-VLSI-18-966DE00054353; VLSI-18-966DE00054354-VLSI-18-966DE00054355; VLSI-18-966DE00054356-VLSI-18-966DE00054357; VLSI-18-966DE00054358-VLSI-18-966DE00054371; VLSI-18-966DE00054372-VLSI-18-966DE00054373; VLSI-18-966DE00054378-VLSI-18-966DE00054379; VLSI-18-966DE00054380-VLSI-18-966DE00054383; VLSI-18-966DE00054384-VLSI-18-966DE00054385; VLSI-18-966DE00054386-VLSI-18-966DE00054390; VLSI-18-966DE00054391-VLSI-18-966DE00054399; VLSI-18-966DE00054400-VLSI-18-966DE00054409.

**INTERROGATORY NO. 7:**

Describe VLSI's business, including, but not limited to: the number of employees VLSI had as of the filing of this litigation; all of VLSI's business locations; whether VLSI has ever sold or manufactured any products, and, if so, whether any such products practice (or practiced) any claim of the Asserted Patents; the portion of VLSI's revenues over the past five years attributable to licensing or asserting patents; the identity of the VLSI representative most knowledgeable about VLSI's business; and the identity of any investors in VLSI.

**RESPONSE TO INTERROGATORY NO. 7:**

VLSI incorporates by reference its General Objections. VLSI further specifically objects to this interrogatory because it seeks the premature disclosure of expert testimony prior to the requirements set forth in the case schedule. VLSI further specifically objects to this interrogatory to the extent that it calls for information not in the possession, custody, or control of VLSI. VLSI objects to this interrogatory because it calls for legal conclusions. VLSI objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege,

the work-product doctrine, and/or the common interest privilege.  VLSI further objects to this interrogatory as compound, overbroad and unduly burdensome.  VLSI objects to this interrogatory to the extent that it is duplicative of other Intel interrogatories and VLSI's responses to other Intel interrogatories.  VLSI objects on grounds that the identity of investors in VLSI is not relevant to any claim or defense in the above-captioned litigation.

Subject to and without waiving the foregoing objections, VLSI responds as follows:

VLSI is a Delaware limited liability company duly organized and existing under the laws of the State of Delaware.  The address of the registered office of VLSI is Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  The name of VLSI's registered agent at that address is The Corporation Trust Company.  VLSI was incorporated on or around June 27, 2016.  VLSI has not sold or manufactured products which practice claims of the patents-in-suit, but products that infringe the asserted claims of VLSI's patents have been manufactured and sold by Intel unlawfully and in large volumes.  Mike Stolarski is currently the VLSI representative most knowledgeable about VLSI's business.

Consistent with Federal Rule of Civil Procedure 33(d), VLSI further refers Intel to, and incorporates by reference herein, the following additional materials that may contain further information responsive to this interrogatory: VLSI-18-966DE00050412-VLSI-18-966DE00050461; VLSI-18-966DE00050462-VLSI-18-966DE00050465; VLSI-18-966DE00050466-VLSI-18-966DE00050467; VLSI-18-966DE00050468-VLSI-18-966DE00050489; VLSI-18-966DE00050490-VLSI-18-966DE00050500; VLSI-18-966DE00050501-VLSI-18-966DE00050511; VLSI-18-966DE00050512-VLSI-18-966DE00050513; VLSI-18-966DE00050638-VLSI-18-966DE00050647.

**INTERROGATORY NO. 8:**

Describe all rights, stakes, or Interests in VLSI, including in any VLSI recovery in the Litigation.  Your answer should include, but not be limited to, a description of the nature of such rights, stakes, or Interests, and the identity of their holders.

**RESPONSE TO INTERROGATORY NO. 8:**

VLSI incorporates by reference its General Objections.  VLSI further specifically objects to this interrogatory because it seeks the premature disclosure of expert testimony prior to the requirements set forth in the case schedule.  VLSI further specifically objects to this interrogatory to the extent that it calls for information not in the possession, custody, or control of VLSI.  VLSI objects to this interrogatory because it calls for legal conclusions.  VLSI objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or the common interest privilege.  VLSI further objects to this interrogatory as overbroad and unduly burdensome, particularly with respect to its reference to "all rights, stakes, or Interests" and "the identity of their holders."  VLSI objects to this interrogatory to the extent that it is duplicative of other Intel interrogatories and VLSI's responses to other Intel interrogatories.  VLSI objects on grounds that the identity of investors in VLSI is not relevant to any claim or defense in the above-captioned litigation.

Subject to the foregoing and without waiver of its general or specific objections, VLSI responds as follows:

Consistent with Federal Rule of Civil Procedure 33(d), VLSI refers Intel to, and incorporates by reference herein, the following materials that may contain information responsive to this interrogatory: VLSI-18-966DE00050412-VLSI-18-966DE00050461; VLSI-18-966DE00050462-VLSI-18-966DE00050465; VLSI-18-966DE00050466-VLSI-18-966DE00050467; VLSI-18-966DE00050468-VLSI-18-966DE00050489; VLSI-18-

Dated: April 26, 2019 By:    */s/ Brian E. Farnan*
   Brian E. Farnan (Bar No. 4089)
   Michael J. Farnan (Bar No. 5165)
   919 North Market Street, 12th Floor
   Wilmington, Delaware 19801
   Telephone: (302) 777-0300
   Facsimile: (302) 777-0301
   bfarnan@farnanlaw.com
   mfarnan@farnanlaw.com


   Morgan Chu (admitted *pro hac vice*)
   Benjamin Hattenbach (admitted *pro hac vice*)
   Iian D. Jablon (admitted *pro hac vice*)
   Christopher Abernethy (admitted *pro hac vice*)
   Amy E. Proctor (admitted *pro hac vice*)
   Dominik Slusarczyk (admitted *pro hac vice*)
   S. Adina Stohl (admitted *pro hac vice*)
   Leah Johannesson (admitted *pro hac vice*)
   Charlotte J. Wen (admitted *pro hac vice*)
   IRELL & MANELLA LLP
   1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
   Facsimile: (310) 203-7199
   mchu@irell.com
   bhattenbach@irell.com
   ijablon@irell.com
   cabernethy@irell.com
   aproctor@irell.com
   dslusarczyk@irell.com
   astohl@irell.com
   ljohannesson@irell.com
   cwen@irell.com

   *Attorneys for Plaintiff*
   VLSI TECHNOLOGY LLC

## CERTIFICATE OF SERVICE

I, Dominik Slusarczyk, hereby certify that on April 26, 2019, a copy of VLSI TECHNOLOGY LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTEL CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-14) was served on the following as indicated:

<u>Via Email</u>
Jack B. Blumenfeld
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant Intel Corporation*

<u>Via Email</u>
Jordan L. Hirsch
William F. Lee
Amanda L. Major
David C. Marcus
Mark D. Selwyn
Louis W. Tompros
Kathryn Zalewski
Liv Herriot
WILMER CUTLER PICKERING HALE AND DORR LLP
jordan.hirsch@wilmerhale.com
william.lee@wilmerhale.com
amanda.major@wilmerhale.com
david.marcus@wilmerhale.com
mark.selwyn@wilmerhale.com
louis.tompros@wilmerhale.com
kathryn.zalewski@wilmerhale.com
liv.herriot@wilmerhale.com

*Attorneys for Defendant Intel Corporation*

Dated: April 26, 2019

/s/ Dominik Slusarczyk
Dominik Slusarczyk (admitted *pro hac vice*)