# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-966 (CFC) |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# **INTEL CORPORATION'S SUPPLEMENTAL INITIAL DISCLOSURES**

OF COUNSEL:

William F. Lee
Louis W. Tompros
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mark D. Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

Gregory H. Lantier
Amanda L. Major
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

December 20, 2018

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1019)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant*

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Intel Corporation ("Intel") hereby supplements its initial disclosures to Plaintiff VLSI Technology LLC ("VLSI").

These supplemental disclosures represent Intel's current knowledge regarding information relevant to the disputed facts alleged in the pleadings and are based on Intel's ongoing investigation into VLSI's current allegations. By making these supplemental disclosures, Intel does not represent that it is identifying every document, item of electronically stored information, tangible thing, or witness that might be relevant to the claims and defenses asserted in this action. Rather, Intel's supplemental disclosures represent a good faith effort to identify information that Intel reasonably believes at this time to be relevant to its defenses. Intel reserves the right to clarify, alter, amend, modify, or supplement the information contained in these supplemental disclosures if and when additional information becomes available.

Intel provides these supplemental disclosures subject to and without waiving any applicable privilege, doctrine, or right, including without limitation the attorney-client privilege, work-product protection, or any other applicable privilege or immunity recognized under the laws of the United States, the State of California, and all relevant jurisdictions. Furthermore, Intel makes these supplemental disclosures without waiving any of its rights, including, but not limited to: (1) the right to object to the relevance or admissibility of the information disclosed; (2) the right to object to the use of any disclosed information for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; and (3) the right to object on proper grounds to any discovery request relating to the subject matter of these disclosures.

Intel reserves the right to amend or supplement these supplemental disclosures and to present additional evidence to support its claims and defenses with any filing or during any proceeding in this action, including at trial.

The supplemental disclosures set forth below are made subject to the above objections and qualifications.

**A.     Individuals Likely to Have Discoverable Information**

Based upon information reasonably available to Intel at the present time, the following individuals and/or entities are likely to have discoverable information that Intel may use to support its claims, defenses, or counterclaims in this action (unless solely for impeachment). Intel's investigation for discoverable information that it may use to support its claims or defenses in this litigation is ongoing, and Intel reserves the right to supplement information as necessary. VLSI should contact any current Intel employee, agent, or representative only through Intel's counsel of record.

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| Nadav Shulman [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of certain voltage adjustment features of certain accused Intel products |
| Efraim Rotem [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of certain voltage adjustment features and certain power gate features of certain accused Intel products |
| Steve Gunther [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of certain voltage adjustment features of certain accused Intel products |
| Sanjeev Jahagirdar [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of certain voltage adjustment features of certain accused Intel products |
| Varghese George [Contact through counsel of | Principal Engineer | Design, development, structure, and function of |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| record for Intel] | | certain voltage adjustment features of certain accused Intel products |
| Arun Krishnamoorthy [Contact through counsel of record for Intel] | Senior Principal Engineer | Design, development, structure, and function of certain voltage adjustment features of certain accused Intel products |
| Sridhar Lakshmanamurthy [Contact through counsel of record for Intel] | Senior Principal Engineer | Design, development, structure, and function of Intel's On-Chip System Fabric |
| Robert Adler [Contact through counsel of record for Intel] | Senior Principal Engineer | Design, development, structure, and function of Intel's On-Chip System Fabric Sideband interface |
| Robert Hesse [Contact through counsel of record for Intel] | SoC Architect | Design, development, structure, and function of Intel's On-Chip System Fabric Sideband interface |
| Mikal Hunsaker [Contact through counsel of record for Intel] | Senior Principal Engineer | Design, development, structure, and function of Intel's On-Chip System Fabric |
| Xiaoyu Ruan [Contact through counsel of record for Intel] | Software Architect | Design, development, structure, and function of ME firmware architecture of certain accused Intel products |
| William Stevens [Contact through counsel of record for Intel] | Chief Architect | Design, development, structure, and function of ME firmware architecture of certain accused Intel products |
| Khee Wooi Lee [Contact through counsel of record for Intel] | Principal Engineer, Chipset Hardware Architect | Design, development, structure, and function of ME hardware architecture of certain accused Intel products |
| Moonsoo Kang [Contact through counsel of record for Intel] | Group Leader | Design, development, structure, and function of certain metal dummy line features of certain accused Intel products |
| Michael Zelikson [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of certain power gate features of |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| | | certain accused Intel products |
| Ioannis Schoinas [Contact through counsel of record for Intel] | Senior Principal Engineer | Design, development, structure, and function of certain security architecture features implemented by Intel's On-Chip System Fabric |
| Steven Dennison [Contact through counsel of record for Intel] | Software Architect | Design, development, structure, and function of the SAI bits and access policy registers used for implementing the security architecture in certain accused Intel products |
| Thripthi Hedge [Contact through counsel of record for Intel] | Security Architect | Design, development, structure, and function of the SAI bits and access policy registers used for implementing the security architecture in certain accused Intel products |
| Malay Trivedi [Contact through counsel of record for Intel] | Principal Engineer | Design, development, structure, and function of the SAI bits and access policy registers used for implementing the security architecture in certain accused Intel products |
| Thomas Herrgott [Contact through counsel of record for Intel] | Controller | Sales of the accused Intel products |
| Keith Gray [Contact through counsel of record for Intel] | Associate Director, Patent Licensing Group | Intel patent licensing |
| Paul S. Levy [Current address unknown] | Named inventor of U.S. Patent No. 6,212,633 | Alleged inventions claimed in U.S. Patent No. 6,212,633 |
| Steve Cornelius [Current address unknown] | Named inventor of U.S. Patent No. 6,212,633 | Alleged inventions claimed in U.S. Patent No. 6,212,633 |
| Marcus W. May [Current address unknown] | Named inventor of U.S. Patent No. 7,246,027 | Alleged inventions claimed in U.S. Patent No. 7,246,027 |
| Matthew D. Felder [Current address unknown] | Named inventor of U.S. Patent No. 7,246,027 | Alleged inventions claimed in U.S. Patent No. 7,246,027 |
| Scott K. Pozder [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| Kevin J. Hess [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| Pak K. Leung [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| Edward O. Travis [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| Bret P. Wilkerson [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| David G. Wontor [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| Jie-Hua-Zhao [Current address unknown] | Named inventor of U.S. Patent No. 7,247,552 | Alleged inventions claimed in U.S. Patent No. 7,247,552 |
| Gerardius Wilhelmus Theodorus Van Der Heijden [Current address unknown] | Named inventor of U.S. Patent No. 7,523,331 | Alleged inventions claimed in U.S. Patent No. 7,523,331 |
| Sergey Sofer [Current address unknown] | Named inventor of U.S. Patent No. 8,081,026 | Alleged inventions claimed in U.S. Patent No. 8,081,026 |
| Eyal Melamed-Kohen [Current address unknown] | Named inventor of U.S. Patent No. 8,081,026 | Alleged inventions claimed in U.S. Patent No. 8,081,026 |
| Valery Neiman [Current address unknown] | Named inventor of U.S. Patent No. 8,081,026 | Alleged inventions claimed in U.S. Patent No. 8,081,026 |
| Michael Stolarski | CEO, VLSI | VLSI's business, the patents-in-suit, VLSI's acquisition of the patents-in-suit, the alleged value of the patents-in-suit, any alleged damages VLSI claims to have suffered, and related topics and technology |
| Eran Zur | Managing Director of Intellectual Property Finance Group, Fortress Investment Group | VLSI's acquisition of the patents-in-suit |
| CF VLSI Holdings, LLC | Interested third party | Ownership of the patents-in-suit, the alleged value of the patents-in-suit |
| VLSI Technology, Inc. | Former assignee of U.S. Patent No. 6,212,633 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| Philips Semiconductors VLSI Inc. | Former assignee of U.S. Patent No. 6,212,633 | Ownership, conception, reduction to practice, costs of |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
|  |  | development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| Philips Semiconductors Inc. | Former assignee of U.S. Patent No. 6,212,633 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| Koninklijke Philips Electronics N.V. | Former assignee of U.S. Patent Nos. 6,212,633; 7,523,331 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| Philips Semiconductors International B.V. | Former assignee of U.S. Patent No. 6,212,633 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| NXP B.V. | Former assignee of U.S. Patent Nos. 6,212,633; 7,523,331 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 6,212,633 |
| Sigmatel, Inc. | Former assignee of U.S. Patent No. 7,246,027 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 7,246,027 |
| Sigmatel, LLC | Former assignee of U.S. Patent No. 7,246,027 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 7,246,027 |
| NXP B.V. | Former assignee of U.S. Patent Nos. 7,246,027; 8,081,026 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| | | licensing of U.S. Patent No. 7,246,027 |
| Freescale Semiconductor, Inc. | Former assignee of U.S. Patent Nos. 7,247,552; 8,081,026 | Ownership, conception, reduction to practice, costs of development or products purportedly practicing, and licensing of U.S. Patent No. 7,247,522 |
| Eric Scheurlein<br>626 Jefferson Avenue<br>Suite 7<br>Redwood City, CA 94063<br>[As represented to the Patent Office during prosecution] | Prosecution counsel for the patents-in-suit | Prosecution and ownership of the patents-in-suit |
| Scott A. Stinebruner<br>Wood, Herron & Evans L.L.P.<br>2700 Carew Tower<br>441 Vine Street<br>Cincinatti, OH 45202 | Former prosecution counsel for U.S. Patent No. 6,212,633 | Prosecution and ownership of U.S. Patent No. 6,212,633 |
| Kevin L. Smith<br>Garlick Harrison & Markison<br>P.O. Box 160727<br>Austin, TX 78716<br>[As represented to the Patent Office during prosecution] | Former prosecution counsel for U.S. Patent No. 7,246,027 | Prosecution and ownership of U.S. Patent No. 7,246,027 |
| Robert L. King<br>Freescale Semiconductor, Inc.<br>Law Department<br>7700 West Larmer Lane<br>MD:TX32/PL02<br>Austin, TX 78729<br>[As represented to the Patent Office during prosecution] | Former prosecution counsel for U.S. Patent No. 7,247,552 | Prosecution and ownership of U.S. Patent No. 7,247,552 |
| James L. Clingan, Jr.<br>10705 Watering Rock Lane<br>Austin, TX 78759-5569<br>[according to the State Bar of Texas] | Former prosecution counsel for U.S. Patent No. 7,247,552 | Prosecution and ownership of U.S. Patent No. 7,247,552 |
| David Barnes<br>Philips Intellectual Property & Standards<br>P.O. Box 3001 | Former prosecution counsel for U.S. Patent No. 7,523,331 | Prosecution and ownership of U.S. Patent No. 7,523,331 |

| Name, Address, and Telephone Number | Connection to Case | Relevant Subject Matter |
|---|---|---|
| Briarcliff Manor, NY 10510 [As represented to the Patent Office during prosecution] | | |
| NXP Intellectual Property Department M/S41-SJ 1109 McKay Drive San Jose, CA 95131 | Former prosecution counsel for U.S. Patent No. 7,523,331 | Prosecution and ownership of U.S. Patent No. 7,523,331 |
| Mark A. Wilson Wilson & Ham PMB: 348 2530 Berryessa Road San Jose, CA 95312 | Former prosecution counsel for U.S. Patent No. 7,523,331 | Prosecution and ownership of U.S. Patent No. 7,523,331 |
| Gustav Larson Larson Neman, LLP 5914 West Courtyard Drive Suite 200 Austin, TX 78730 | Former prosecution counsel for U.S. Patent No. 8,081,026 | Prosecution and ownership of U.S. Patent No. 8,081,026 |
| David Dolezal Freescale Semiconductor, Inc. Law Department 7700 West Larmer Lane MD:TX32/PL02 Austin, TX 78729 [As represented to the Patent Office during prosecution] | Former prosecution counsel for U.S. Patent No. 8,081,026 | Prosecution and ownership of U.S. Patent No. 8,081,026 |

In addition, Intel identifies the following persons who may have information relevant to Intel's claims or defenses:

- One or more VLSI witnesses with knowledge of VLSI's business, the patents-in-suit, VLSI's acquisition of the patents-in-suit, the alleged value of the patents-in-suit, any alleged damages VLSI claims to have suffered, and related topics and technology;

- One or more witnesses at NXP, B.V., NXP USA, Inc., Freescale Semiconductor, Inc. Fortress Investments, LLC, CF VLSI Holdings, LLC, and/or their successors or affiliated companies with knowledge regarding the licensing, acquisition, transfer, and covenants relating to, as well as the conception and reduction to practice of, the patents-in-suit;

- All authors and inventors of any prior art reference(s) identified and produced in this action;

- Persons deposed during this litigation and persons identified during such depositions;

- Any custodian of records or other person who may be required to establish authenticity of documents; and

- Any person identified in VLSI's Initial Disclosures.

Intel does not consent to or authorize communication by VLSI with any of Intel's current or officers, employees, attorneys, agents, or consultants.  All current Intel employees, agents, and representatives should be contacted through Intel's attorneys of record.

Intel reserves the right to clarify, alter, amend, modify, or supplement the foregoing list and to seek discovery from or relating to persons that may subsequently be identified as likely to have discoverable information relevant to the disputed facts, as additional information becomes known.  Intel also reserves the right to designate and/or call further witnesses at trial, including witnesses designated by VLSI in its initial disclosures or called by VLSI at trial.

Intel will identify any testifying expert witnesses as required by Rule 26(a)(2) and any applicable Local Rule or order of the Court.

**B.     Description of Documents**

Based on the information reasonably available to Intel at the present time, Intel identifies the following documents, electronically stored information, and tangible things in its possession, custody, or control that it may use to support its claims and defensed (unless solely for impeachment):

- Documents sufficient to show the design, development, structure, and function of the accused Intel products;

- Documents sufficient to show financial, sales, and marketing information relating to those accused products;

- The file histories of the patents-in-suit;

- Licenses to the patents-in-suit;

- Documents relating to licenses of patents for technology comparable to the technology claimed in the patents-in-suit; and

- Prior art to the patents-in-suit.

The documents listed above, if in existence and in Intel's possession, are located and/or accessible at Intel's offices, including its facilities in Santa Clara, California, Hillsboro, Oregon, and Haifa, Israel.

Intel reserves the right to object to the production of documents on any basis, including that the information sought: (1) is not relevant; (2) is protected from disclosure by an applicable privilege, doctrine, or immunity; (3) would be unduly burdensome or expensive to produce; (4) is not proportional to the needs of the case; (5) contains third-party confidential information and cannot be produced without that party's notification and consent; or (6) constitutes proprietary or trade secret information that should not be produced before an appropriate protective order has been entered.

Intel's investigation for discoverable information that it may use to support its claims or defenses in this litigation is ongoing. Intel may also rely on publicly available documents and documents that are produced by any party to this litigation—including Intel, VLSI, and third parties. Intel also expects that experts may identify documents used to support their opinions pertaining to the issues in this case during the course of expert discovery.

**C.      Computation of Damages**

Intel reserves its right to seek its attorneys' fees and costs and other relief as is deemed appropriate. These fees and costs and amount of any other relief that may be deemed appropriate are not susceptible to calculation at this time.

**D.   Insurance Agreement**

Intel is currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse Intel for payments made to satisfy such a judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

William F. Lee
Louis W. Tompros
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Mark D. Selwyn
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

Amanda L. Major
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

December 20, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on December, 2018, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Morgan Chu, Esquire<br>Ben Hattenbach, Esquire<br>Amy E. Proctor, Esquire<br>Dominik Slusarczyk, Esquire<br>Charlotte J. Wen, Esquire<br>Christopher Abernethy, Esquire<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)