IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>INTEL CORPORATION,<br><br>            Defendant. | C.A. Nos. 6:19-cv-00254, -00255, -00256-ADA |

**DEFENDANT INTEL CORPORATION'S MOTION TO TRANSFER VENUE WITHIN THIS DISTRICT UNDER 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

    A.    The Parties' Lack of Connection to Waco ............................................ 2

    B.    Procedural History ................................................................................. 2

III.    THESE ACTIONS SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION OF
THIS DISTRICT UNDER 28 U.S.C. § 1404(a) .................................................. 4

    A.    Legal Standard ...................................................................................... 4

    B.    These Actions Could Have Been Brought in the Austin Division......................... 5

    C.    The Austin Division Is Clearly More Convenient Than The Waco Division For
Adjudicating These Actions ................................................................. 5

        1.    As compared to the Waco Division, the Austin Division offers easier
access to sources of proof ........................................................ 6

        2.    Transfer to the Austin Division would reduce the cost of attendance for
witnesses ................................................................................. 7

        3.    Transfer to the Austin Division would reduce any "other practical
problems that make trial of a case easy, expeditious and inexpensive" ..... 8

        4.    The Austin Division has a greater local interest in this case than does the
Waco Division ......................................................................... 9

        5.    The remaining factors are neutral to transfer ........................... 10

IV.    CONCLUSION .................................................................................................. 10

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*Cadle Co. v. Keyser*,
No. 14-CV-00758, 2015 WL 764256 (W.D. Tex. Feb. 23, 2015)........................................4, 5

*Data Scape Limited v. Dell Techs., Inc.*,
No. 6:19-cv-00129-ADA, D.I. 44 (W.D. Tex. June 7, 2019) (Albright, J.) ................... *passim*

*Eastep v. City of Odessa*,
No. 17-CV-00059, 2017 WL 2537358 (W.D. Tex. June 12, 2017) ........................................4

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
No. 18-CV-00660, D.I. 28 (W.D. Tex. Jan. 29, 2019) ............................................................4

*McCloud v. McClinton Energy Grp., L.L.C.*,
No. 5:14-CV-620-XR, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014)..................................7

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)..................................4, 6, 9

*Perry v. Autocraft Invs., Inc.*,
13-CV-01959, 2013 WL 3338580 (S.D. Tex. July 2, 2013) ...................................................6

*In re Radmax, Ltd.*,
720 F.3d 285 (5th Cir. 2013) .......................................................................................... *passim*

*RPB Safety LLC, v. Tru Vision, Inc.*,
Civil No. 6:18-cv-00367-ADA, D.I. 14 (W.D. Tex. Feb. 20, 2019) ..................................7, 8

*VLSI Tech. LLC v. Intel Corp.*,
1:19-cv-00426 (D. Del.)...........................................................................................................2

*VLSI Tech. LLC v. Intel Corp.*,
C.A. Nos. 6:19-cv-00254, 6:19-cv-00255, 6:19-cv-00256 (W.D. Tex.) .................................2

*VLSI Tech. LLC v. Intel Corp.*,
No. 5:17-cv-05671 (N.D. Cal.), D.I. 253, 261 .......................................................................3

*In re Volkswagen of America, Inc.*,
545 F.3d 304 (5th Cir. 2004) ..................................................................................................4

**Federal Statutes**

28 U.S.C. § 1404(a) ........................................................................................................ *passim*

ii

**Rules**

Fed. R. Civ. P. 45(c)(1)....................................................................................................10

## I.       INTRODUCTION

In view of the Court's order denying Intel's motion to transfer venue to the District of Delaware, Intel respectfully submits that transfer from the Waco Division to the Austin Division of this District is required under 28 U.S.C. § 1404(a).  In its opposition to Intel's motion to transfer these actions back to Delaware, VLSI relied heavily on connections that the named inventors, likely trial witnesses, and the parties have with this District.  *All* those in-District connections are with Austin or other cities within the Austin Division; *none* is with the Waco Division.  Now that it is settled that these actions will be litigated in this District, this Court should transfer the actions from the Waco Division to the Austin Division.

Application of the factors relevant to a transfer analysis under § 1404(a) confirms this common-sense conclusion.  Relative to the Waco Division, which has no connection to the parties or any relevant evidence, the Austin Division has a greater local interest in these actions and offers easier access to sources of proof, a lower cost of attendance for witnesses, and, potentially, a speedier, less expensive resolution of this dispute.  And, because this Court may— and should—retain control of the actions after transferring them, there is no efficiency disadvantage to this intra-district transfer.  Thus, because VLSI could have brought these actions in the Austin Division, and because the § 1404(a) factors demonstrate that Austin is clearly a more convenient forum than Waco, this Court should transfer these actions to the Austin Division while retaining them on its own docket.  *See Data Scape Limited v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, D.I. 44, at 6 (W.D. Tex. June 7, 2019) (Albright, J.) (granting transfer from Waco Division to Austin Division while retaining case on Court's docket); *In re Radmax, Ltd.*, 720 F.3d 285, 288-90 (5th Cir. 2013) (reversing denial of intra-district transfer where the case had no connection to the transferor forum and significant connection to transferee forum).

## II.   BACKGROUND

### A.   The Parties' Lack of Connection to Waco

As explained in Intel's previous briefing, VLSI is a non-practicing entity formed in Delaware in 2016 by a New York hedge fund called Fortress Investment Group LLC ("Fortress").  (D.I. 24-3; No. 1:18-cv-00966 ("*Del. I*"), D.I. 24 ¶ 3.)[1]  VLSI, which does not make or sell any products, acquired rights to the patents-in-suit from NXP Semiconductors, a company based in Austin.  (D.I. 41-1 ¶¶ 18, 28.)  VLSI and NXP are "working together in a cooperative effort" in an attempt to "enforce NXP's" alleged "patent rights."  (*Id.* ¶ 17.)  Neither VLSI nor NXP has any apparent connection to Waco.

Intel is a leader in the design and development of semiconductor products.  Intel has facilities worldwide, including one in Austin that has approximately 1,700 employees.  (Declaration of Thomas Herrgott ["Herrgott Decl."] ¶ 4.)  Intel has no facilities in the Waco Division and no other corporate connection to Waco.  (*Id.* ¶ 5.)

### B.   Procedural History

As this Court is aware, VLSI has sued Intel in three separate federal districts: the Northern District of California, the District of Delaware, and this District.  VLSI initiated the three actions now pending in this District on April 11, 2019, the same day on which it dismissed its second Delaware lawsuit involving six of the eight patents asserted here.  *VLSI Tech. LLC v. Intel Corp.*, C.A. Nos. 6:19-cv-00254, 6:19-cv-00255, 6:19-cv-00256 (W.D. Tex.); *VLSI Tech. LLC v. Intel Corp.*, 1:19-cv-00426 (D. Del.), D.I. 15.

---

[1]  VLSI's parent company, CF VLSI Holdings LLC, is a privately held Delaware company.  (D.I. 24-4.)

On May 20, 2019, Intel moved for a transfer of venue from this District to the District of Delaware, where the only other active litigation between the parties is pending.[2]  (D.I. 24.)  In opposing Intel's motion, VLSI argued that "[e]ach of the cases filed in this District concerns inventions made in this District, by inventors who reside in this District, in the course of their employment at companies based in this District."  (D.I. 41, at 1.)  The declaration accompanying VLSI's motion emphasized that those alleged inventions were made in Austin, by employees of Austin-based Freescale Semiconductor, Inc. and SigmaTel, Inc., and that the successor to those two companies, NXP Semiconductors, is also based in Austin and has "[n]umerous employees" with knowledge of the patents-in-suit.  (D.I. 41-1 ¶¶ 10-18.)  The declaration also averred additional connections between this litigation and this District based on the presence of an Intel facility in Austin and the presence of Intel customer Dell Technologies, Inc. ("Dell") in Round Rock, Texas—which is also located within the Austin Division.  (*Id.* ¶¶ 19-26.)

On August 6, 2019, after a hearing,[3] the Court denied Intel's motion based in large part on VLSI's contentions regarding the cases' connections to Austin.  (D.I. 53, at 16 (Order Den. Mot. to Transfer) (referring to activities in Austin: "The Texas patents were all invented in this District, primarily by residents of this District, and at companies based in this District.").)

---

[2]  The California litigation is currently stayed.  *VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-05671 (N.D. Cal.), D.I. 253, 261.

[3] At the hearing, the Court contemplated the possibility of this motion.  (Declaration of Gregory H. Lantier ["Lantier Decl."] ¶ 12, Ex. 19 at 42:4-12 (emphasis added) ("I think Mr. Lee is telling the Court that in this situation because of the unique facts that you are in California and what happened in Delaware . . . that you shouldn't get a third bite at the apple as a public policy matter and that in an ordinary course this would be the perfect place to file the suit.  ***Maybe they'd want me to transfer it to Austin instead of Waco***, but they would be conceding the Western District is appropriate.").

III.    **THESE ACTIONS SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION OF THIS DISTRICT UNDER 28 U.S.C. § 1404(a)**

A.    **Legal Standard**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district *or division* where it might have been brought" "in the interest of justice."  As the statutory text makes clear, the statute applies "as much to transfers between divisions of the same district as to transfers from one district to another."  *Radmax*, 720 F.3d 285, 288.

A motion for an intra-district transfer, like a motion for an inter-district transfer, involves a two-step analysis, considering first whether the case could have been properly brought in the forum to which transfer is sought, and second, whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses.  *Id.*; *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc).  In that context, where an action could have been brought in the transferee division and "the transferee venue is clearly more convenient" than the transferor venue, a motion to transfer to another division "should be granted."  *Data Scape*, No. 6:19-cv-00129-ADA, D.I. 44, at 2 (quoting *Radmax*, 720 F.3d at 288); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 14-CV-464, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014) (granting transfer in patent case where four factors favored transfer and four were "arguably neutral").  Courts in this District have analyzed similar fact patterns often and consistently.  *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, D.I. 28, at 2 (W.D. Tex. Jan. 29, 2019) (transferring patent case from Austin Division to Midland-Odessa Division); *Eastep v. City of Odessa*, No. 17-CV-00059, 2017 WL 2537358, at *3 (W.D. Tex. June 12, 2017), *report and recommendation adopted*, No. A-17-CV-059-LY, 2017 WL 8181002 (W.D. Tex. July 25, 2017) (transferring from Austin Division to Midland-Odessa Division); *Cadle Co. v. Keyser*, No. 14-CV-00758, 2015 WL 764256, at *3 (W.D. Tex.

4

Feb. 23, 2015) (transferring from Austin Division to San Antonio Division where there was not "anything about trying the case in Austin that would make it easy, expeditious or inexpensive").

Indeed, the Fifth Circuit has made clear that transfer from one division to another "should be granted" where numerous factors favor the transferee division and no factor favors the transferor division. *Radmax*, 720 F.3d at 290 (finding that the district court clearly abused its discretion by denying transfer where three factors favored transferee forum and none favored transferor forum). That principle applies even where two divisions are close together geographically. *Id.* at 288-90 (concluding that district court committed "extraordinary error" in denying transfer between divisions that were "well less than 100 miles" apart).

**B.     These Actions Could Have Been Brought in the Austin Division**

VLSI clearly could have brought these actions in the Austin Division of this District. Intel maintains a facility in Austin (D.I. 41-1 ¶ 20; Herrgott Decl. ¶ 4), and VLSI has asserted in a sworn declaration that Intel's employees in Austin have been granted patents that VLSI contends relate to the asserted patents in these actions. (D.I. 41-1. ¶¶ 20, 22-26.) In addition, the inventors named on the patents-in-suit developed the alleged inventions while working for companies based in Austin, and the successor to those companies—NXP Semiconductors—is based in Austin as well. (*Id.* ¶ 18; D.I. 53, at 2 (Order Den. Mot. to Transfer).) NXP, though a non-party, is a key player in this litigation because, in VLSI's words, NXP is "working together" with VLSI "in a cooperative effort" to "enforce NXP's" alleged "patent rights." (D.I. 41-1 ¶ 17.) Given the above, VLSI plainly could have brought these actions in the Austin Division.

**C.     The Austin Division Is Clearly More Convenient Than The Waco Division For Adjudicating These Actions**

Courts consider eight factors under § 1404(a). *Data Scape*, No. 6:19-cv-00129-ADA, D.I. 44, at 2 (citing *Radmax*, 720 F.3d at 288-90). At least four of those eight factors favor

transferring these actions to the Austin Division, and the other four are neutral.  No factor favors the Waco Division.  That calculus compels transfer.  *See Radmax*, 720 F.3d at 290 (it was "extraordinary error" by district court to deny transfer where three of eight factors favored transfer, other factors were neutral, and no factor favored plaintiff's chosen division); *Mimedx*, 2014 WL 12479284, at *3 (transferring patent case from Austin Division to San Antonio Division, where four factors favored transfer and no factor favored plaintiff's chosen division).

### 1. As compared to the Waco Division, the Austin Division offers easier access to sources of proof

Under this factor, "the question is ***relative*** ease of access, not ***absolute*** ease of access." *Data Scape*, No. 6:19-cv-00129-ADA, D.I. 44, at 3 (citing *Radmax*, 720 F.3d at 288).  Thus, if access to sources of proof is relatively easier in Austin than in Waco, this factor supports transfer.  *See id.*; *Radmax*, 720 F.3d at 288; *Perry v. Autocraft Invs., Inc.*, 13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013).  That is clearly true here.

As explained in Intel's previous briefing, the documentary and other physical evidence related to the accused products is located outside this District.  (D.I. 24, at 16.)  But to the extent evidence related to the patents is located in this District, it is located in Austin, not Waco.  Most notably, non-party NXP—which VLSI has asserted is in possession of "[d]ocuments relating to the inventorship, conception, reduction to practice, prosecution, and assignment of the Texas patents"—is headquartered in Austin.  (D.I. 41-1 ¶ 18.)  In addition, non-party Dell, which VLSI has asserted is "one of Intel's top customers" and to which VLSI has issued a subpoena for documents, is headquartered in Round Rock in the Austin Division.  (*Id.* ¶ 19.)  Finally, although the most relevant Intel facilities are based outside of Texas, the in-District facility Intel does maintain is in Austin.  (Herrgott Decl. ¶¶ 4-5.)  Thus, to the extent any relevant Intel documents are present in Texas, they are located in Austin.  *See Data Scape*, No. 6:19-cv-00129-ADA, D.I.

44, at 3 (granting defendant Dell's motion to transfer after finding that "access to sources of proof is *relatively* easier in Austin than it is in Waco" (emphasis in original)).

By contrast, there is no apparent connection between any source of proof and the Waco Division. Neither party maintains a facility in the Waco Division, and no relevant non-party is based in the Waco Division. *See McCloud v. McClinton Energy Grp., L.L.C.*, No. 5:14-CV-620-XR, 2014 WL 6388417, at *3 (W.D. Tex. Nov. 14, 2014) (finding that this factor weighed in favor of transfer where plaintiffs could "point to *no* evidence" located within transferor division) (emphasis in original). This is not a situation like the one in *RPB Safety*, where there is no meaningful difference between litigating in Waco and Austin. *RPB Safety LLC, v. Tru Vision, Inc.*, Civil No. 6:18-cv-00367-ADA, D.I. 14, at 5 (W.D. Tex. Feb. 20, 2019) (finding 25-mile difference in distance between defendant's location and Waco and Austin courthouses was a neutral transfer factor). Here, any relevant evidence that is in Texas is located in Austin, as are many witnesses, while there is no evidence at all in Waco. Under these circumstances, the Austin Division clearly offers better access to sources of proof than does the Waco Division.

### 2.    Transfer to the Austin Division would reduce the cost of attendance for witnesses

In denying Intel's motion to transfer, the Court noted that many of the potential witnesses in these actions are based in Austin. (D.I. 53, at 9-10 (Order Den. Mot. to Transfer).) Indeed, VLSI's opposition to Intel's motion argued that seventeen of the eighteen living inventors named on the patents-in-suit reside in Austin. (D.I. 41, at 1; D.I. 41-1 ¶¶ 11, 13, 15, 16, Exs. 14-27; *see* Lantier Decl. ¶¶ 4-11, Exs. 1-18.) And, according to VLSI, Austin-based NXP has "[n]umerous employees" who were "involved in evaluating, patenting, licensing, and otherwise commercializing the Texas inventions." (D.I. 41-1 ¶ 18.) In addition, to the extent any in-District Intel employee is called as a witness, that witness would be based in Austin. (Herrgott

Decl. ¶¶ 4-6.)  By contrast, Intel is aware of no potential witness that resides in the Waco

Division.  Unlike in *RPB Safety*, where the difference in travel between the defendant's location

in Brenham, Texas and the Waco or Austin courthouses was negligible, proceeding in Waco as

opposed to Austin would impose an unnecessary 100-mile drive on each of these Austin-based

witnesses.  *RPB Safety*, Civil No. 6:18-cv-00367-ADA, D.I. 14 at 5 (25-mile difference in travel

for witnesses was not significant).  Thus, the cost of attendance for witnesses in these actions

clearly would be less in Austin than in Waco, and this factor supports transfer.[4]  *See Data Scape*,

No. 6:19-cv-00129-ADA, D.I. 44 at 3-4 (concluding that this factor supported transfer from

Waco Division to Austin Division where no potential witnesses resided in Waco).

### 3. Transfer to the Austin Division would reduce any "other practical problems that make trial of a case easy, expeditious and inexpensive"

This factor considers the comparative speed and expense of litigating the case in the

transferee division as compared to the transferor division.  Here, any evidence in this District is

located in Austin: most of the named inventors on the patents-in-suit live in Austin, NXP is

based in Austin, and Intel maintains a facility in Austin.  (D.I. 41, at 1; Herrgott Decl. ¶ 4;

Lantier Decl. ¶¶ 4-11, Exs. 1-18.)  Given the connections to the Austin Division, a trial in Austin

would be less expensive and more convenient for both the parties and non-party witnesses.

---

[4]  The Fifth Circuit has "explained that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'"  *Radmax*, 720 F.3d at 288-89 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  The court has clarified that additional costs to witnesses should "be factored into the venue-transfer analysis" no matter how far apart or close together the transferor and transferee divisions are.  *Id.* (rejecting district court's application of 100-mile "threshold" when considering this factor).  Because Waco is approximately 100 miles from Austin (where numerous non-party witnesses live and work), the inconvenience factor for witnesses is increased because holding the trial in Waco would require a 200-mile roundtrip drive.  As the Fifth Circuit has made clear, any additional distance that witnesses must travel is relevant.

Because these actions are still in their early stages, with Intel having not yet filed answers, transfer will not delay the time to trial, especially as this Court should retain control of the cases. *See Radmax*, 720 F.3d at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").  And the increased convenience of litigating these cases in Austin could expedite the cases.  *See Mimedx*, 2014 WL 12479284, at *2 ("[I]t is reasonable to conclude that the added convenience of a trial proceeding in San Antonio may lead the parties to a quicker resolution.").  At a minimum, there is no reason to believe these cases would proceed more quickly in Waco than in Austin.  Accordingly, this factor favors transfer as well.

> **4.     The Austin Division has a greater local interest in this case than does the Waco Division**

Although these actions also affect interests outside of Texas, including in California, where Intel is headquartered, this factor, "like all § 1404 factors, is concerned with the ***relative*** interests between the transferee and transferor forums" and therefore favors Austin over Waco. *Data Scape*, No. 6:19-cv-00129-ADA, D.I. 44 at 6 (emphasis added); *see also Mimedx*, 2014 WL 12479284, at *3 ("The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").  These cases implicate local Austin interests for reasons VLSI itself has identified: the patents-in-suit stemmed from alleged inventions developed in Austin, by inventors who currently reside in Austin, in the course of their employment for companies based in Austin.  (D.I. 41, at 1; D.I. 53, at 2 (Order Den. Mot. to Transfer); Lantier Decl. ¶¶ 4-11, Exs. 1-18.)  By contrast, there is no sense in which these cases implicate any local interests in Waco.

Because Austin has a much greater local interest in this matter than does Waco, which has no local interest at all, this factor strongly favors transfer.

### 5.      The remaining factors are neutral to transfer

The remaining § 1404(a) factors are "the availability of compulsory process to secure the attendance of witnesses"; "the administrative difficulties flowing from court congestion"; "the familiarity of the forum with the law that will govern the case"; and "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  All of those factors are neutral to transfer.  (D.I. 53, at 11, 15-16 (Order Den. Mot. to Transfer) (finding compulsory process factor weighed in favor of keeping cases in the District while congestion, familiarity with the law, and conflict of law factors were neutral).)

*First*, compulsory process is no more or less available to secure the attendance of witnesses in Waco than in Austin.  This Court has subpoena power over relevant persons residing in this District (and lacks such power over the other third-party witnesses) whether the cases are located within the Austin Division or the Waco Division.  *See* Fed. R. Civ. P. 45(c)(1).  *Second*, Intel is aware of no administrative difficulties that would flow from court congestion in either Division, but to the extent any administrative difficulties could exist, they easily can be alleviated by this Court's retaining control of the actions following transfer to the Austin Division, as Intel requests, and as it has in past cases.  *E.g. Data Scape*, No. 6:19-cv-00129-ADA, D.I. 44 at 6.  *Finally*, both Divisions are equally familiar with patent law, and there are no issues related to conflicts of laws or the application of foreign law.  (D.I. 53, at 16 (Order Den. Mot. to Transfer) ("the Western District of Texas [is] familiar with issues of patent law…").).  Thus, these factors are neutral to transfer.

## IV.   CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court transfer these actions to the Austin Division of this District and retain control over the transferred cases.

10

Dated: August 14, 2019

Respectfully submitted,

<u>/s/ *J. Stephen Ravel*</u>

OF COUNSEL:

J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
   & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
   & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Sven Stricker
Texas State Bar No. 24110418
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Email: sven.stricker@kellyhart.com

*Attorneys for Intel Corporation*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(i), counsel for Intel has conferred with counsel for VLSI in a good-faith effort to resolve the matter presented herein.  Specifically, on Friday morning August 9 (5 days before the motion was due), VLSI was asked if it opposed Intel's Motion to transfer the consolidated cases to Austin.  Within a few hours, VLSI responded it was opposed. Three days after being informed the rules require it to provide a specific reason or reasons why no agreement could be reached, and after several requests by Intel that VLSI meet and confer on this motion, VLSI responded as follows:  "VLSI opposes Intel's motion because Intel never meaningfully met and conferred with VLSI about the motion or identified even a single basis for the motion; because venue is proper in the Waco division; and because VLSI has no reason to believe that Intel's motion has merit or support."

*/s/ J. Stephen Ravel*
J. Stephen Ravel


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(a)(3) on August 14, 2019.

*/s/ J. Stephen Ravel*
J. Stephen Ravel