**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | Case Nos.<br>  6:19-cv-00254-ADA,<br>  6:19-cv-00255-ADA, and<br>  6:19-cv-00256-ADA. |

**PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSITION TO
DEFENDANT INTEL CORPORATION'S SECOND
MOTION TO CHANGE VENUE**

# **TABLE OF CONTENTS**

**Page**

I.   Legal Standard ...................................................................................................... 2

II.  Argument .............................................................................................................. 3

    A.   The *Volkswagen* Factors Weigh Against Transfer .................................... 3

        1.   Relative Ease Of Access To Sources Of Proof ................................ 3

        2.   Cost Of Attendance For Witnesses .................................................. 5

        3.   Availability Of Compulsory Process To Secure The Attendance Of Witnesses ................................................................ 7

        4.   Other Practical Problems ................................................................. 8

        5.   Local Interests .................................................................................. 8

    B.   Intel's Cases Are Inapposite ....................................................................... 8

III. Conclusion .......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-cv-00308-ADA, D.I. 74 (W.D. Tex. June 25, 2019) ........................................ 2, 6

*Radmax. DataScape Limited v. Dell Techs., Inc.*,
   No. 6:19-cv-00129-ADA, D.I. 44 (W.D. Tex. June 7, 2019) ......................................... 8, 9

*In re Radmax*,
   720 F.3d 285 (5th Cir. 2013) ......................................................................................... 8, 9

*Roberts v. Paris Reg'l Med. Ctr.*,
   2018 WL 4221861 (E.D. Tex. Sept. 5, 2018) ..................................................................... 4

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.*,
   No. 6:18-cv-00367-ADA, D.I. 14 (W.D. Tex. Feb. 20, 2019) ................................. *passim*

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .............................................................................................................. 9

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ............................................................................................................ 9

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) .................................................................................. 2, 3, 5, 8

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................... 1, 2, 9

**Rules**

Fed. R. Civ. P. 45(c) ......................................................................................................... 7

Having already filed multiple substantive motions in Waco, attended hearings on those motions in Waco, answered all of the complaints filed in Waco, submitted a schedule for the cases in Waco, agreed to a *Markman* hearing in Waco, and more, Intel has now decided that it wants out of Waco.  But its escape plot is not "for the convenience of parties and witnesses" or "in the interest of justice" as 28 U.S.C. § 1404(a) requires.

The present motion to transfer this four-and-a-half-month-old case has nothing to do with case administration, because Intel concedes that this Court should retain these cases.  It has nothing to do with accessibility of evidence, because Intel says VLSI must find that evidence far outside of Texas.  And it has nothing to do with trial practicalities, because a venue with subpoena power over important non-parties and more convenience for out-of-state travelers—like Waco—offers substantial advantages for holding trial.

The proximity of Waco to Austin, if anything, casts doubt on the proposition that Austin could in any sense be a "***clearly*** more convenient" venue for these cases, particularly where Intel has represented that "relevant evidence from Intel . . . is primarily located at Intel's facilities in Arizona, Oregon, Israel, Washington, and California" and that "relevant witnesses are scattered across the country." D.I. 24, at 16, 18.[1]  At the same time, it could explain why Intel did not say a word about Austin in its first—now denied—transfer motion, even after briefing was doubled at Intel's urging (thus giving it plenty of room to raise such a request).  Having lost that bid to ship this case 1,500 miles away to Delaware, Intel now feigns concern that a handful of witnesses whom Intel expresses no desire to call at trial and does not bother to name in its brief might have to drive a few extra miles to Waco.

---

[1] All docket cites are to ECF document numbers in case No. 18-cv-00254.

Intel might not like VLSI's choice of venue, but, under settled precedent, that choice may not be disturbed unless Intel can show that Austin is clearly more convenient for the parties and witnesses than this Court's home in Waco—and in the interests of justice. And Intel has not met that high burden. To the contrary, Intel fails to adduce even a single fact about its own vision for trial in any of these cases that would support transfer, opting merely to repeat facts VLSI supplied in a different motion addressing whether this District was more appropriate than Delaware.

Moreover, though it is Intel that had the burden of proof, Waco unassailably emerges as the superior venue when all the relevant facts are properly considered. Among other reasons, Waco is a far more convenient destination for a crowd of non-party witnesses both inside and outside of Texas. Unlike Austin, Waco enjoys subpoena power over non-parties in Dallas that might be called at trial. And Waco has a strong interest in resolving this litigation. At a bare minimum, Intel has not satisfied its burden to show that Austin would be clearly more convenient and in the interest of justice, and its motion should accordingly be denied.

## I.     Legal Standard

The Fifth Circuit imposes a high bar for the kind of intra-district transfer that Intel seeks here: "[A] plaintiff's choice of venue . . . places a ***significant burden on the movant*** to show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008).[2] That "good cause" standard requires a defendant to "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.*, at 315 (quoting 28 U.S.C. § 1404(a)). Where a defendant fails this "elevated burden of

---

[2] Emphasis in quotations is added unless otherwise indicated.

proof," it is settled that "the plaintiff's choice is to be respected." *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, D.I. 74, at 3 (W.D. Tex. June 25, 2019).

In the Fifth Circuit, this elevated burden is analyzed against the eight "*Volkswagen* factors," which are: relative ease of access to sources of proof; availability of compulsory process to secure the attendance of witnesses; cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; administrative difficulties flowing from court congestion; local interest in having localized interests decided at home; familiarity of the forum with the law that will govern the case; and avoidance of unnecessary problems of conflict of laws. *Volkswagen,* 545 F.3d at 315*.*

## II.     Argument

Intel bases its intra-district transfer motion on just half of the *Volkswagen* factors, conceding that four of them do not support transfer. But Intel is wrong about the factors it analyzes—because it limits its argument to facts VLSI presented in opposing Intel's earlier, separate transfer motion—while ignoring still others that together weigh even further against transfer. The facts that VLSI previously provided were a sampling that showed that this District was more convenient than Delaware, and did not speak to the differences between Waco and Austin. When the relevant facts are properly considered in the context of the present motion, none of the factors favor transfer. Several counsel against.

### A.     The *Volkswagen* Factors Weigh Against Transfer

#### 1.     Relative Ease Of Access To Sources Of Proof

As an initial matter, Intel fails to identify any sources of proof that *Intel* actually intends to present at trial. Instead, it relies on analysis about NXP, Dell, and Intel's Austin-area facilities that VLSI provided for a completely different motion—none of which facilities, in any event, Intel says it intends to involve in its discovery efforts or trial

presentation.³ But "[t]he moving party"—here, **Intel**—"must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *Roberts v. Paris Reg'l Med. Ctr.*, 2018 WL 4221861, at *2 (E.D. Tex. Sept. 5, 2018). Intel instead asserts that "the documentary and other physical evidence related to the accused products is located outside this District."⁴ D.I. 56, at 6.

At the same time, Intel overlooks numerous sources of proof that are actually easier to access from Waco. For instance, Texas Instruments, headquartered in Dallas, is believed to manufacture voltage regulators directly relevant to the analysis of multiple patents asserted here, including at least U.S. Patent Nos. 8,156,357 and 7,523,373. Declaration of Charlotte J. Wen, at ¶¶ 4-6 [hereinafter "Wen Decl."]. Indeed, Intel itself has already given notice of multiple subpoenas to Texas Instruments in connection with the parties' litigation in Delaware, and those expansive subpoenas specifically targeted four of the five patents asserted there. Dallas is twice the distance from Austin as from Waco. *Id.*

As another example, NEC of America, a large Intel customer, is also headquartered in Dallas. *Id.*, at ¶¶ 7-9. NEC is expected to be an important source of proof, including regarding VLSI's indirect infringement claims. And that expectation is not merely speculative: Intel already noticed a deposition of NEC in the parties' litigation in California. *Id.* Other Intel customers and suppliers, many of which are expected to be the subject of discovery, similarly have Texas facilities that are closer to Waco than to Austin, including

---

³ For example, Intel carefully parrots "VLSI's own assertion that Austin-based NXP is in possession of '[d]ocuments relating to the inventorship, conception, reduction to practice, prosecution, and assignment of the Texas patents,'" and never represents that Intel actually wishes to rely on such evidence from NXP.

⁴ Intel simultaneously argues that "any relevant evidence that is in Texas is located in Austin." D.I. 56, at 7. This is both inconsistent with Intel's other arguments and incorrect as explained herein.

Dell, Hewlett-Packard, Acer, Panasonic, Huawei, Wistron, and Cadence. *Id.*, at ¶¶ 10, 14-19.

Intel's arguments focused on Dell ignore all of the facts above, as well as the fact that Dell itself has facilities in the Dallas area (closer to Waco than Austin); even Dell's headquarters, in Round Rock, are just 25 miles from the Waco Division boundary. *Id.*, at ¶¶ 10-11.  Moreover, Round Rock is physically separated from Austin by Austin's "well-documented problems with traffic congestion," which this Court has previously recognized as a fact counseling against transfer to Austin. *RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, No. 6:18-cv-00367-ADA, D.I. 14, at 4 (W.D. Tex. Feb. 20, 2019).  The relative proximity of Round Rock to Austin overstates the ***relative ease of access*** from Round Rock to the Austin courthouse, because traveling into Austin is slower and far more unpleasant in rush hour traffic; indeed, the drive from Round Rock to Waco is typically less than one and a half hours, and the drive from Round Rock to downtown Austin is not much shorter.  Moreover, Dell—which last fiscal year earned $90 billion in revenue, well exceeding that of Intel—would not suffer the kind of profound inconvenience in having to travel to Waco that could make Austin "clearly more convenient" to try this case. Wen Decl., at ¶ 12.

Finally, Intel's analysis of this factor misapplies the legal standard: the relevant question is not whether any evidence "resides in" Waco, D.I. 56, at 8, but whether the ***totality of the evidence*** is ***relatively easier to access*** from Austin.  When the relevant facts are considered under the proper standard, this *Volkswagen* factor weighs against transfer.

### 2.   Cost Of Attendance For Witnesses

Intel's discussion of this factor ignores many non-party witnesses outside of the Austin area and disregards the ***actual cost*** of attending trial in the two venues.  First, as with sources of proof in the previous *Volkswagen* factor, Intel identifies no actual Austin-based

- 5 -

witnesses that it intends to call to trial.[5]  But it is settled that "the ***movant must*** identify specific witnesses ***and*** outline the substance of their testimony." *MV3 Partners*, at 7.  This glaring omission is reason enough to resolve this factor against Intel's motion.

Nevertheless, turning to the facts, Intel overlooks that numerous non-party witnesses ***outside*** of Austin are likely to be relevant to these cases, and Waco is a more convenient and less expensive venue for them.  For example, Intel has asserted that at least four witnesses affiliated with non-party Fortress Investment Group LLC ("Fortress") are relevant to VLSI's acquisition of patents from NXP.  These witnesses—whom Intel has already subpoenaed in connection with the Delaware litigation and whom, based on its own statements, Intel is likely subpoena in connection with the Waco cases—reside in New York, Washington, DC, Los Angeles, and San Francisco.  D.I. 24-2, at ¶ 20; Wen Decl., at ¶ 13.  They will need to travel to Texas by plane, and prefer to travel into Waco on account of Austin's "well-documented problems with traffic congestion," the crowded bustle of the Austin airport, and the high price of hotels in the Austin area (typically two to three times that of Waco).

Indeed, this Court has previously recognized in denying a transfer motion that Waco would generally "be cheaper for witnesses because of Austin's higher cost of living."  *RPB Safety*, D.I. 14, at 7.  Here, it is likely that the Fortress witnesses would have to remain in Waco for most or all of trial, so these higher costs of attendance would quickly add up.  And Fortress is not the only likely out-of-state recipient of subpoenas, which could lead to trial testimony, in these cases.  For example, besides the Fortress and NXP witnesses, Intel has subpoenaed 20 other persons and entities in the Delaware case alone—many of whom,

---

[5] Further underscoring Intel's lack of interest in such witnesses, on August 23, 2019, Intel served its initial list of trial witnesses for the Delaware inventors—and it includes ***no*** asserted patent inventors, ***no*** NXP witnesses, and ***no*** Dell witnesses.  Wen Decl., Ex. 25.

according to those very notices, reside outside of Texas. Wen Decl., at ¶ 20; *see also* D.I. 24-2, at ¶ 21. In addition, many inventors of Intel patents relevant to accused technologies, including several who are no longer party employees, do not reside in the Austin area. Wen Decl., at ¶¶ 21-27. Other likely subpoena recipients include Dallas-based Texas Instruments and NEC discussed above, as well as San Saba-based Roger Whatley (Vice President of Engineering at SigmaTel during a period covered by several SigmaTel patents at issue here) and Dallas-based Barry J. Bumgardner (Vice President of SigmaTel when at least one of the asserted patents was being prosecuted). *Id.*, at ¶¶ 28-29. These witnesses would be subjected to at least lower attendance or travel costs in Waco—or both.

Finally, Intel has already argued that "it is . . . highly unlikely that all the inventors will testify," and, notably, Intel does not say that it would call any of them itself. D.I. 44, at 9. While VLSI might call such witnesses at trial, "[w]hen travel over 100 miles could impose substantial expense on [] witness[es], the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment." *RPB Safety*, D.I. 14, at 7 (citing Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment). For those witnesses located in or around Austin, VLSI represents that it will, upon request, reimburse the reasonable cost of travel of any non-party witnesses VLSI seeks to compel to attend trial. This factor accordingly weighs against transfer.

### 3. Availability Of Compulsory Process To Secure The Attendance Of Witnesses

Intel again ignores that non-parties situated in Dallas—including Texas Instruments and NEC—are within 100 miles of Waco, but not of Austin, and thus can only be compelled to attend trial in Waco. Wen Decl., ¶¶ 4, 7. The Court has already found that, in Waco, it "would have absolute subpoena power over the vast majority of inventors on the relevant patents." D.I. 53, at 11. Holding trial in Waco thus broadens the compulsory process

available to secure the attendance of relevant non-parties at trial. This factor weighs heavily against transfer.

### 4. Other Practical Problems

Intel's discussion of the fourth *Volkswagen* factor about "all other practical problems" misapprehends the actual legal standard. Rather than consider "*other* practical problems," Intel merely rehashes the *same* arguments about evidence in Austin that it has already repetitively analyzed in connection with multiple other factors. But this factor, which indicates transfer only in "rare and special" circumstances, expressly concerns issues not covered by the remaining factors. *In re Radmax*, 720 F.3d 285, 289 (5th Cir. 2013). Here, there are no "other" practical problems that would support transfer.

### 5. Local Interests

Intel asserts that "there is no sense in which these cases implicate any local interests in Waco," D.I. 56, at 9, and that the Waco Division has no "relevant evidence," *id.*, at 1, but that is incorrect. A plethora of infringing products are sold to, advertised for, and used by citizens of Waco, as well as residents throughout the Waco Division. See the attached Declaration of Justin Allen. People residing in the Waco Division indisputably possess a substantial local interest in litigation,[6] and this factor accordingly weighs against transfer.

### B.   Intel's Cases Are Inapposite

Seeking to distract from the dearth of facts underlying its transfer request, Intel attempts to short-circuit the "individualized, case-by-case consideration of convenience and

---

[6] As VLSI explained in opposing the first of Intel's transfer motions, the invention of the patents in Austin does contribute to this District's interest in the litigation. But "[t]here is no rule that only a single forum"—certainly not a single forum within a district—"can have a local interest in deciding a case." *DataScape,* at 5-6. Waco has no less an interest than Austin given not only the extensive infringement occurring in Waco but the presence of multiple key Intel customers and component suppliers within 100 miles thereof.

fairness" that a Section 1404(a) transfer motion requires with inapposite citations to other cases that share little or nothing with the fact pattern here.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

For example, Intel relies heavily on the *Radmax* case, which has little in common with the facts at bar.  Unlike here, "all of the events and witnesses regarding" *Radmax*—"indeed *all* of those events, facts, witnesses, and other sources of proof"—were in the transferee forum.  720 F.3d at 290 (emphasis in original).  But many events and witnesses here have *no* connection to Austin, and Waco is more convenient in multiple respects.

Intel also relies heavily on the *DataScape* case, which itself relied on and resembled the facts of *Radmax*.  *DataScape Limited v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, D.I. 44 (W.D. Tex. June 7, 2019).  In *DataScape*, the accused infringer's relevant operations were *in* Austin (unlike here), and thus sources of proof (including concededly knowledgeable witnesses) about "sales, marketing, and financial information related to the accused products" were *in* Austin (unlike here).  *Id.*, at 3-4.  None of these facts is present here, and, unlike the opposition in *DataScape*, VLSI has identified above many sources of proof that are more conveniently accessed from Waco.

If the facts of previously decided cases are to be consulted, the Court's decision in *RPB Safety* is highly instructive.  In that case:

1. There was no "significant difference amongst the two venues" proffered given that witnesses would be "forced to travel at least an hour and a half to two hours regardless of which venue th[e] case is held in."  *Id.* at 5.  Here, too, most witnesses will come from out of state to either venue; and even among Texas-based witnesses, shifting the venue from Waco to Austin would on the whole merely change *which* non-party witnesses must drive further, not *how far* the witnesses must drive.

2. There were numerous "out-of-state nonparty witnesses [who] exceed[ed] the power of service from the Austin Division just as much as they exceed[ed] the power of the Waco Division." *Id.* at 6. Here, most third-party witnesses are similarly out of state, and VLSI has identified particular entities in Dallas—within the subpoena power of Waco, but not Austin—that tip this factor against transfer.

3. Most witnesses were "required to travel, buy meals and lodging, and be away from work regardless of whether the case is held in Austin or Waco." Here, like in *RPB Safety*, "[i]f anything, Waco would be cheaper for witnesses because of Austin's higher cost of living." *Id.* at 7.

4. A party had "distributors and customers in and around the Waco area." *Id.* at 8. Here, too, Intel has distributors and customers in and around the Waco area. *See* the Declaration of Justin Allen.

Other cases cited by Intel, such as on pages 4-5 of its brief, are even further afield.

## III. Conclusion

Although Intel never mentioned the possibility of transferring to Austin in its first motion to transfer (to Delaware),[7] it now pretends as though the facts analyzed in that first motion are the only facts that matter in connection with this different second motion. But the set of facts comparing Waco to Austin is obviously quite different than the set of facts comparing Texas to Delaware. Under the established framework for analysis of transfer requests, as applied to the set of facts pertinent here, Intel has failed to prove that Austin would be clearly more convenient than Waco. Intel's motion should accordingly be denied.

---

[7] The Court did not invite Intel's second motion, as Intel claims. *See* D.I. 56, at 3 n.3. In the transcript passage cited by Intel, the Court merely discusses a counterfactual scenario: "[H]ad you all filed here [*i.e.*, the Western District of Texas] first . . . ." Wen Decl., Ex. 26, at 41:23-42:2. The Court was not suggesting a future course of action.

Dated: August 29, 2019                    Respectfully submitted,


By: */s/ Andy Tindel*

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Morgan Chu  (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Christopher Abernethy  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
cabernethy@irell.com
aproctor@irell.com
dslusarczyk@irell.com
cwen@irell.com

*Attorneys for VLSI Technology LLC*

- 12 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 29th day of August, 2019.

/s/ *Andy Tindel*_____
Andy Tindel