IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>                Defendant. | Civil Action No.: 19-cv-00254-ADA<br><br>**LEAD CASE**<br><br>Consolidated Case Nos.<br>          19-cv-00255-ADA<br>          19-cv-00256-ADA |

**DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE WITHIN THIS DISTRICT UNDER 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. THESE ACTIONS SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION ....... 1

    A. Austin Has A Far Greater Local Interest In These Actions Than Does Waco ....... 1

    B. Austin Offers Easier Access To Sources Of Proof Than Does Waco .................... 2

    C. Transfer To Austin Would Reduce Witnesses' Cost Of Attendance ...................... 4

    D. The Availability Of Compulsory Process Is A Neutral Factor ............................... 5

III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Cont'l Airlines, Inc. v. Am. Airlines, Inc.*,
  805 F. Supp. 1392 (S.D. Tex. 1992) ...................................................................................5

*Data Scape Limited v. Dell Techs., Inc.*,
  No. 6:19-cv-00129-ADA, D.I. 44 (W.D. Tex. June 7, 2019) ...............................................2, 3

*Freshub, Inc., Freshub, Ltd. v. Amazon.com Inc. et al.*,
  No. 19-388-ADA, D.I. 29 (W.D. Tex. Sept. 9, 2019) ...........................................................3, 4

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
  2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ..................................................................2

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.*,
  No. 6:18-cv-00367, D.I. 14 (W.D. Tex. Feb. 20, 2019) .......................................................3

**Rules**

Fed. R. Civ. P. 45(c) ...............................................................................................................5

**I.     INTRODUCTION**

After emphasizing only Austin-based connections between this litigation and this District in opposing Intel's motion for inter-district transfer, VLSI now seeks to downplay those same connections—suggesting they are trumped by VLSI's choice of forum, and maligning Intel as engaged in a belated "escape plot." Not so. Setting aside its overheated rhetoric, VLSI never questions the facts demonstrating why it is clearly more convenient to try these cases in Austin: the patents-in-suit were allegedly invented in Austin, by Austin-based employees of Austin-based companies, and VLSI is now "working together" with those companies' Austin-based successor to prosecute these suits. Those are the very same contacts on which VLSI relied in opposing Intel's motion for inter-district transfer—yet, remarkably, VLSI now attempts to distance itself from its sworn averments and to manufacture reasons that Waco is more convenient than Austin. But, as set forth below, VLSI's evidence-based arguments miss the mark, and its claim that Waco has subpoena power that Austin lacks over certain non-party witnesses is wrong as a matter of law. Ultimately, the multiple connections to Austin, and the utter lack of connection between this litigation and Waco, compel transfer to the Austin Division.

**II.    THESE ACTIONS SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION**

    **A.     Austin Has A Far Greater Local Interest In These Actions Than Does Waco**

VLSI alleges that the patents-in-suit arose out of alleged inventions that were developed in Austin, by inventors who lived—and still live—in Austin, while they were working for Austin-based companies. (D.I. 41, at 1; D.I. 53, at 2, 16; D.I. 56-2 ¶¶ 4-11, Exs. 1-18; D.I. 65 at 8 n.6 (VLSI averring "the invention of the patents in Austin does contribute to this District's interest in the litigation").) VLSI also has stated that it is "working together" with Austin-based NXP "in a cooperative effort" to enforce its alleged patent rights. (D.I. 41-1 ¶ 17.) Those undisputed facts make clear that the Austin Division has a strong local interest in these matters.

The only argument VLSI makes as to Waco's supposed local interest is that some allegedly infringing products are sold there.  But the same is true in Austin and throughout the Austin Division.  (Lantier Decl. ¶ 18).  This supposed interest thus does not impact the *relative* balance of interests between Waco and Austin, which is what matters under this factor.  *Data Scape Limited v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, D.I. 44, at 6 (W.D. Tex. June 7, 2019) ("the local interest factor, like all § 1404 factors, is concerned with the *relative* interests between the transferee and transferor forums"); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014) ("The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

### B.  Austin Offers Easier Access To Sources Of Proof Than Does Waco

This factor focuses on "*relative* ease of access, not *absolute* ease of access" to sources of proof.  *Data Scape*, No. 6:19-cv-00129, D.I. 44 at 6 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)).  Austin clearly offers easier access to evidence than does Waco: NXP has "[d]ocuments relating to … the Texas patents" at its Austin headquarters; documents from Intel are accessible through Intel's Austin facility, and evidence from Dell—"one of Intel's top customers," according to VLSI—is accessible at Dell's Round Rock headquarters.  (*See* Mot. at 6-7; D.I. 41-1 ¶¶ 17-26.)  VLSI does not contest the relevance of these sources—nor could it, given its previous reliance on them in opposing Intel's motion for inter-district transfer.[1]

Instead, VLSI emphasizes the irrelevant fact that Intel has not stated that Intel planned to rely on documents from Austin sources.  (Response at 3-4.)  Yet VLSI clearly intends to do so, as demonstrated by its prior reliance on those sources, and VLSI cites nothing suggesting that the

---

[1] VLSI's response (at 1) criticizes Intel for not "say[ing] a word about Austin" in that motion, but Intel's position that Delaware is the most convenient forum for this litigation is entirely consistent with its position that Austin is a more convenient forum than is Waco.

2

movant must be the party that intends to utilize the sources of proof.  In any event, Intel intends to pursue discovery from NXP and has asserted the affirmative defense of unclean hands, based in part on NXP's conduct.  (Lantier Decl. ¶¶ 5-10, Exs. 1-7.)

VLSI also argues that evidence from Dell is somehow not more easily accessible from Austin than from Waco, even though Dell's Round Rock headquarters is less than 20 miles away from the Austin courthouse and over 85 miles away from the Waco courthouse.  (Lantier Decl. ¶¶ 11-13, Exs. 8-10; *see* Response at 5.)  That 65-mile difference is significant.  *See Data Scape*, No. 6:19-cv-00129, D.I. 44 (transferring from Waco to Austin based on Dell's presence in Round Rock); *Freshub, Inc., Freshub, Ltd. v. Amazon.com Inc. et al.*, No. 19-388-ADA, D.I. 29, at 3 (W.D. Tex. Sept. 9, 2019) (holding that "even 80 or 90 miles is inconvenient").  VLSI concedes "[t]he relative proximity of Round Rock to Austin" but argues that Austin traffic would render the drive from Round Rock to Austin "not much shorter" than that from Round Rock to Waco.  (Response at 5.)  Even if this was true in the past, Waco now is home to significant traffic delays, and daily routing changes, due to the reconstruction of Interstate 35, which is expected to continue through 2024 (Lantier Decl. ¶ 14, Ex. 11), thus changing the calculus that led this Court to emphasize Austin traffic in *RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, No. 6:18-cv-00367, D.I. 14, at 4 (W.D. Tex. Feb. 20, 2019).[2]  With traffic issues in both cities, Austin clearly offers closer, easier access to Dell evidence than does Waco.

Finally, VLSI identifies only two alleged sources of proof that it claims would be easier to access in Waco: two non-parties based outside of this District, in Dallas.  (Response at 4.)  But VLSI never mentioned those entities in opposing Intel's motion for inter-district transfer,

---

[2] *RPB Safety*, a trademark case concerning asbestos removal, is inapposite more generally because the original forum there was "home to one of the top asbestos abatement companies in the United States" and thus had a significant local interest.  No. 6:18-cv-00367, D.I. 14, at 8.

3

including when arguing that sources of proof would be easier to access in this District than in Delaware. (*See* D.I. 41 at 9-10.) Instead, VLSI focused on NXP and Intel's Austin facility, as well as Dell's Round Rock headquarters. (*Id.* at 1, 9-10.) That focus shows that VLSI itself views the Austin-based evidence as more significant to these actions than any evidence that might come out of the two Dallas-based facilities whose relevance it suddenly asserts.[3]

Just three days ago this Court granted intra-district transfer on very similar facts. *See Freshub,* No. 19-388-ADA, D.I. 29 (emphasizing location of sources of proof in Austin, not Waco).

### C. Transfer To Austin Would Reduce Witnesses' Cost Of Attendance

VLSI also emphasizes that Intel has not stated that it plans to call Austin-based witnesses. But VLSI clearly plans to call Austin-based witnesses, and determining which location would cost less for witnesses has nothing to do with who calls them. As VLSI repeatedly asserts, seventeen of the eighteen living inventors of the patents-in-suit live in Austin, and Austin-based NXP has "[n]umerous employees" who were "involved in … commercializing the Texas inventions." (D.I. 41, at 1; D.I. 41-1 ¶ 18.) VLSI surely will call some of those inventors and NXP employees, as demonstrated by its listing four inventors and NXP employee Jim Spehar on the witness list it recently served in Delaware. (Lantier Decl. ¶¶ 15-17, Exs. 12-14.) And Intel expects to depose NXP employees, as it has done in Delaware, where it has deposed NXP's Lee Chastain. (Lantier Decl. ¶ 8, Exs. 4-5.)

VLSI's response (at 7) purports to identify certain Dallas-based witnesses it never previously mentioned, but nowhere does it suggest they are nearly as significant as the Austin-

---

[3] VLSI purports to list "[o]ther Intel customers and suppliers" that have "Texas facilities that are closer to Waco than to Austin," but VLSI's declaration never alleges that those companies are relevant or that their Texas facilities have relevant evidence. (*See* D.I. 65-1 ¶¶ 14-19.)

based witnesses upon which VLSI previously relied.  This court "must primarily consider the convenience of the *key* witnesses," *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992), and a trial in Austin plainly would be more convenient and cost less for Austin-based witnesses than a trial 100 miles away in Waco.[4]

VLSI also argues that Waco would be less expensive than Austin for witnesses outside the District.  (Response at 6-7.)  But flying to and from Austin costs less than flying to and from Waco, as Austin-Bergstrom International Airport offers many more flight connections than does Waco Regional Airport.  (Lantier Decl. ¶¶ 20-21, Exs. 15-16.)  VLSI's suggestion that it will pay for travel to Waco is irrelevant, as either party could do so just as easily for travel to Austin.  *See* Fed. R. Civ. P. 45(c) advisory committee notes.

### D. The Availability Of Compulsory Process Is A Neutral Factor

As set forth in Intel's motion, compulsory process would be equally available in Austin and Waco.  (Mot. at 10.)  VLSI's lone argument to the contrary is that Dallas-based witnesses "can only be compelled to attend trial in Waco," but that is wrong.  Rule 45(c) authorizes a court to command a witness to attend trial "within the state where the person resides" if the person "would not incur substantial expense."  And the rule allows the court to require a party to pay for expenses the witness incurs—ensuring that all in-state witnesses can be compelled to attend trial. Waco thus offers no advantage with respect to compulsory process, and this factor is neutral.[5]

### III. CONCLUSION

Intel respectfully requests that the Court transfer these actions to the Austin Division.

---

[4] A trial in Austin also would be more convenient for Intel's employee witnesses, as they can work from Intel's Austin facility.

[5] As set forth in Intel's motion (at 8-10), the remaining factors either favor transfer or are neutral.

5

Dated: September 12, 2019

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

/s/ *J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

Sven Stricker
Texas State Bar No. 24110418
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6464
Email: sven.stricker@kellyhart.com

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(b)(1) on September 12, 2019.

/s/ *J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com